IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

       Plaintiff,

v.                                                                          No. 1:22-cv-00565-DHU-LF

SANDOVAL COUNTY CHILDREN, YOUTH
AND FAMILIES DEPARTMENT,
CANTRELL MOSLEY,
BRENDA MADRID,
MISTY WILLIAMS,
JENNIFER BARTLESON,
JONATHAN CRESPIN,
JOSHUA WILCKEN,
B. SANCHEZ, and
JOHN CASTANEDA,

       Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTION AND DENYING MOTION FOR EMERGENCY INJUNCTIVE RELIEF, AND ORDER FOR AMENDED COMPLAINT

Plaintiff, who is proceeding *pro se*, filed a 96-page Complaint containing 539 paragraphs. *See* Complaint to Recover Damages for Deprivation of Civil Rights, Doc. 1, filed July 29, 2022. Plaintiff alleged various civil rights violations by law enforcement officers and employees of Sandoval County Children Youth and Families Department. Plaintiff requested "an emergency order of injunctive relief from the above defendants." Complaint at 95, ¶ 535.

United States Magistrate Judge Laura Fashing notified Plaintiff that the Complaint is not a "short and plain statement" under Rule 8 and that Defendants cannot reasonably prepare responses because many of the allegations are not necessary to state a claim. *See* Order to Show Cause at 3-4, Doc. 6, filed August 1, 2022 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court,

a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.") and Fed. R. Civ. P. 12(f) ("The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter")). Instead of striking the irrelevant allegations, Judge Fashing ordered Plaintiff to file an amended complaint which does not exceed 35 pages. Judge Fashing also notified Plaintiff that the Court cannot issue a preliminary injunction because Plaintiff has not set forth specific facts showing that immediate and irreparable harm will result before the adverse parties can be heard. *See* Order to Show Cause at 2.

In response, Plaintiff filed a 98-page Amended Complaint containing 547 paragraphs along with Plaintiff's Exhibit List #A which identifies 29 exhibits containing 212 pages, five audio CDs and four DVDs. *See* Amended Complaint, Doc. 18, filed August 15, 2022; Exhibit List, Doc. 17, filed August 15, 2022. The Amended Complaint renews Plaintiff's request for "an emergency order of injunctive relief from the above defendants." Amended Complaint at 95, ¶ 538. Plaintiff also filed an Objection to Judge Fashing's Order limiting the Amended Complaint to 35 pages.

**Objection to Page Limit**

Plaintiff objects to Judge Fashing's Order limiting the Amended Complaint to 35 pages stating the case is "complex," "includes 9 Defendants and contains 13 counts against those defendants," Plaintiff is "laying out the full set of facts so that the Court can fully understand the Counts against each defendant ... and to benefit the Defendants," and limiting his "complaint to only 35 pages would prejudice his ability to prove his case to this Court." Objection at 1, ¶ 1; at 2, ¶ 5.; at 2, ¶ 7.b.; at 3, ¶ 9.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain ...a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. r. Civ. P. 8(a)(2). [U]nder Rule 8, specific facts are not necessary; the statement need only

2

give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Ullery v. Bradley*, 949 F.3d 1282, 1288 (10th Cir. 2020).  Consequently, a complaint does not need to include all the facts a plaintiff believes are necessary to prove his case.

The Court has a duty to ensure that civil actions are resolved not only fairly, but also without undue cost or delay.  *See* Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment. The Court also "has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).  Allowing this case to proceed on the 98-page Amended Complaint containing 547 paragraphs will cause the opposing Parties and the Court to needlessly expend valuable resources addressing facts that are properly addressed in discovery.  *See* Fed. R. Civ. P. 26 advisory committee's note to 1983 and 1993 amendments ("The purpose of discovery is to provide a mechanism for making relevant information available to the litigants;" Rule 26 requires all parties to exchange information regarding evidence early in the case).

The Court overrules Plaintiff's Objection and orders Plaintiff to file a second amended complaint, not exceeding 35 pages, within 14 days of entry of this Order.  *See* D.N.M.LR-Civ. 10.1 (describing requirements for form of documents).

**Emergency Injunctive Relief**

Judge Fashing notified Plaintiff that his original Complaint did not state in detail the terms of the injunctive relief he seeks or the acts he seeks to enjoin.  *See* Fed. R. Civ. P. 65(d)(1) ("Every order granting an injunction and every restraining order must ... state its terms specifically; and ... describe in reasonable detail ... the act or acts restrained or required").

The Amended Complaint requests a preliminary injunction stating:

> 1.      Each of the Defendants to be restrained from any, and all, types of surveillance or confiscation of, by any of the defendants to include: electronic, electronic communications and physical surveillance (includes drones and wiretaps).
>
> 2.      Each of the Defendants to be restrained from any, and all, types of communication by any of the defendants, to include: phone, email and in person, public contact.
>
> 3.      Each defendant to be restrained from coming onto Plaintiff's property for any reason, unless for an emergency situation requiring law enforcement initiated by Plaintiff. Plaintiff's property includes search and seizure of Plaintiffs property, which includes his highest protected liberty interest; his minor child.
>
> 4.      Each Defendant to be restrained from firing weapons onto Plaintiff's property from public roads, for any reason. In addition, each Defendant is forbidden to fire any type of weapon at Plaintiff, towards Plaintiff, Plaintiff's vehicle or other property, whether at his home or in any public place in all of New Mexico.
>
> 5.      Each Defendant to be restrained from further conspiring with the other defendants, and their corresponding agencies in any action towards Plaintiff.

Amended Complaint at 96-97, ¶ 545.

The Court denies Plaintiff's request for emergency injunctive relief because Plaintiff has not made a clear and unequivocal showing that he is entitled to the requested relief.

> Because a preliminary injunction is an "extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), the movant must make a "clear and unequivocal" showing it is entitled to such relief, *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). To obtain a preliminary injunction, the movant must show (1) it "is substantially likely to succeed on the merits," (2) it "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury outweighs the injury the opposing party will suffer under the injunction," and (4) "the injunction would not be adverse to the public interest." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1246 (quoting *Fish*, 840 F.3d at 723).
> ....
>
> To merit preliminary injunctive relief, a movant must present a "significant risk" it "will experience harm that cannot be compensated after the fact by money damages." *Id.* at 1250 (quoting *Fish*, 840 F.3d at 751–52).
>
> That harm "must be both certain and great," not "merely serious or substantial." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001). And a speculative or theoretical injury will not suffice. *RoDa Drilling Co.*

> *v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009). The injury must also be "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)). If the harm is not "likely to occur before the district court rules on the merits," there is no need for preliminary injunctive relief. *New Mexico Dep't of Game & Fish*, 854 F.3d at 1250 (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1260 (10th Cir. 2003)).

*Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021).

"It is well settled [that] an injunction must be narrowly tailored to remedy the harm shown." *ClearOne Communications, Inc. v. Bowers*, 643 F.3d 735, 752 (10th Cir. 2011).

Plaintiff states he "does not feel safe in his own home due to the knowledge that he lives in a county where all local authorities have proven themselves to be apt to unlawful behavior" and that "by filing this complaint he will face a retaliation." Amended Complaint at 95, ¶¶ 538-539. Plaintiff also makes the following conclusory allegations:

1. Plaintiff believes the following:

    (a) The Plaintiff believes in the likelihood of prevailing on the merits of said complaint.

    (b) Irreparable injury to Plaintiff will or may occur if relief is not granted;

    (c) The threatened injury to the Plaintiff outweighs whatever damage the proposed injunction may cause the opposing party.

    (d) Balancing of equities (see 1a above).

Amended Complaint at 96. Plaintiff's beliefs are not sufficient to show Plaintiff is entitled to a preliminary injunction before the Court rules on the merits because they do not show that any harm is "both certain and great" and is imminent. *Colorado v. U.S. Environmental Protection Agency*, 989 F.3d at 883-84 ("a speculative or theoretical injury will not suffice"). Plaintiff states that he "has shown the Court, through his factual complaints, as asserted above ... the necessity of a[n] emergency injunction to protect the Plaintiff." Amended Complaint at 97, ¶ 546. However,

Plaintiff does not identify which of the preceding 545 paragraphs show the necessity of an emergency injunction. *See Lebahn v. Owens*, 813 F.3d 1300, 1307-08 (10th Cir. 2016) ("[I]t is not the court's job to comb the record in order to make the non-movant's arguments for him.").

Because the Court is ordering Plaintiff to file a second amended complaint, the Court denies the pending Motions to Dismiss and Plaintiff's Motion to Strike Insufficient Defenses as moot.

**IT IS ORDERED** that:

(i) Plaintiff's Objection to Memorandum Opinion and Order to Show Cause and Order for Amended Complaint, Doc. 16, filed August 15, 2022, is **OVERRULED.**

(ii) Plaintiff shall, within 14 days of entry of this Order, file a second amended complaint, not exceeding 35 pages. Failure to timely file a second amended complaint may result in dismissal of this case.

(iii) Plaintiff's request for emergency injunctive relief is **DENIED.**

(iv) Defendants New Mexico Children Youth and Families Dept., Mosley, Williams, and Bartleson's Motion to Dismiss, Doc. 20, filed August 30, 2022, is **DENIED.**

(v) The County Defendants' Motion to Dismiss, Doc. 22, filed September 6, 2022, is **DENIED.**

(vi) Plaintiff's Motion to Strike Insufficient Defenses, Doc. 23, filed September 19, 2022, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**