## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JARROD LOWREY,

       Plaintiff,

v.                                         No. 1:22-cv-00565-DHU-LF

SANDOVAL COUNTY CHILDREN, YOUTH
AND FAMILIES DEPARTMENT,
CANTRELL MOSLEY,
BRENDA MADRID,
MISTY WILLIAMS,
JENNIFER BARTLESON,
JONATHAN CRESPIN,
JOSHUA WILCKEN,
B. SANCHEZ, and
JOHN CASTANEDA,

       Defendants.

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

Plaintiff, who is proceeding *pro se*, filed a 96-page Complaint containing 539 paragraphs alleging various civil rights violations by law enforcement officers and employees of Sandoval County Children Youth and Families Department.  *See* Complaint to Recover Damages for Deprivation of Civil Rights, Doc. 1, filed July 29, 2022.

United States Magistrate Judge Laura Fashing notified Plaintiff that the Complaint is not a "short and plain statement" under Rule 8 and that Defendants cannot reasonably prepare responses because many of the allegations are not necessary to state a claim.  *See* Order to Show Cause at 3-4, Doc. 6, filed August 1, 2022 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the

defendant violated.") and Fed. R. Civ. P. 12(f) ("The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter")).  Instead of striking the irrelevant allegations, Judge Fashing ordered Plaintiff to file an amended complaint which does not exceed 35 pages.  *See* Order to Show Cause at 5.

Plaintiff filed an Objection to Judge Fashing's Order limiting the Amended Complaint to 35 pages stating the case is "complex," "includes 9 Defendants and contains 13 counts against those defendants," Plaintiff is "laying out the full set of facts so that the Court can fully understand the Counts against each defendant ... and to benefit the Defendants," and limiting his "complaint to only 35 pages would prejudice his ability to prove his case to this Court."  *See* Objections at 1, ¶ 1; at 2, ¶ 5.; at 2, ¶ 7.b.; at 3, ¶ 9, Doc. 16, filed August 15, 2022.

Plaintiff also filed a 98-page Amended Complaint containing 547 paragraphs along with Plaintiff's Exhibit List #A which identifies 29 exhibits containing 212 pages, five audio CDs and four DVDs.  *See* Amended Complaint, Doc. 18, filed August 15, 2022; Exhibit List, Doc. 17, filed August 15, 2022.

The undersigned overruled Plaintiff's Objections stating:

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain ...a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. r. Civ. P. 8(a)(2).  [U]nder Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Ullery v. Bradley*, 949 F.3d 1282, 1288 (10th Cir. 2020).  Consequently, a complaint does not need to include all the facts a plaintiff believes are necessary to prove his case.

The Court has a duty to ensure that civil actions are resolved not only fairly, but also without undue cost or delay.  *See* Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment.  The Court also "has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).  Allowing this case to proceed on the 98-page Amended Complaint containing 547 paragraphs will cause the opposing Parties and the Court to needlessly expend valuable resources addressing facts that are properly addressed in discovery.  *See*

> Fed. R. Civ. P. 26 advisory committee's note to 1983 and 1993 amendments ("The purpose of discovery is to provide a mechanism for making relevant information available to the litigants;" Rule 26 requires all parties to exchange information regarding evidence early in the case).

Doc. 28 at 2-3, filed November 28, 2022 ("Second Order to Amend").  The undersigned ordered Plaintiff to file a second amended complaint, not exceeding 35 pages and notified Plaintiff that failure to timely file a second amended complaint may result in dismissal of this case.  *See* Second Order to Amend at 6.

Plaintiff did not file a second amended complaint and did not request an extension of time to file a second amended complaint.  Instead, Plaintiff filed an Objection to the Second Order to Amend.

**Plaintiff's Objection to Second Order to Amend**

Plaintiff's Objection to the undersigned's Order to file a second amended complaint repeats his arguments in his Objections to Judge Fashing's Order: (i)  Plaintiff's case is complex involving nine Defendants; (ii) Plaintiff's Amended Complaint "lay[s] out the full set of facts so that the Court can fully understand the Counts against each defendant;" (iii) complaints filed in other similar cases were similar in length or longer than Plaintiff's Complaint; (iv) Plaintiff's Complaint complies with Rule 8(a) which states a complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief; and (v) limiting Plaintiff's complaint to 35 pages "would prejudice his ability to prove his case to this Court."  *See* Objection at 1-3.  The undersigned overruled those objections to Judge Fashing's Order stating that "a complaint does not need to include all the facts a plaintiff believes are necessary to prove his case" and that discovery provides a mechanism for making all relevant evidence available.  Second Order to Amend at 2-3.

Plaintiff also states:

This controversy over the length of Plaintiff's complaint was not introduced by either party nor their counsel, but was introduced sua sponte by the Magistrate Judge in this case.  It is not appropriate for a judge to adjudicate it's [sic] own controversy without that controversy first being formally introduced by either party or their counsel.  As part of her reasoning for ordering an amended Plaintiff's complaint, she states that Plaintiff [s] complaint is a burden on the defendants ... It should also be noted that Plaintiff denied consent to go before a Magistrate Judge immediately upon filing ... the Magistrate Judge's order was, and still remains, unsupported by any Local or Federal Rule.

Objections at 4-5, ¶ 3.  The Court disagrees.

Judge Fashing's Order was appropriate.  Judge Fashing stated:

The 96-page Complaint, which contains 539 paragraphs, is not a "short and plain statement" under Rule 8.  Defendants cannot reasonably prepare responses because many of the allegations are not necessary to state a claim ... Fed. R. Civ. P. 12(f) ("The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter").  Instead of striking the irrelevant allegations, the Court orders Plaintiff to file an amended complaint which does not exceed 35 pages.

Judge Fashing's Order at 3-4.  The Court has "an affirmative duty ... to exercise the authority conferred by [the Federal Rules of Civil Procedure] to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay."  Fed. R. Civ. P. 1 advisory committee's note to 1993 amendment.  Furthermore, "a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."  *Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).   Plaintiff's denial of "consent to go before a Magistrate Judge" is not relevant.  Rule 73 allows a Magistrate Judge to preside over a civil action if all parties consent.  *See* Fed. R. Civ. P. 73(a) ("a magistrate judge may, if all parties consent, conduct a civil action ... including a jury or nonjury trial").  A party's refusal to consent to a Magistrate Judge conducting a civil action does not preclude a Magistrate Judge from deciding non-dispositive pretrial matters.  *See* Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate

judge must promptly conduct the required proceedings and, when appropriate, issue a written order

stating the decision" and allowing parties to file objections to the order).

Plaintiff states that:

he fully read [the District of New Mexico's Guide for Pro Se Litigants] multiple
times during the drafting of his complaint does not contain a page limit for
complaints and that he called the Clerk's Office, asked if there was a page limit and
was informed there was no page limit. Nowhere in that handbook does it read of a
page limit for any litigants. Plaintiff also called this Court's clerk Office and
specifically asked them many questions which included if there was a page
minimum or maximum to which they assured Plaintiff there was neither.

Objection at 3, ¶ 8. While the District of New Mexico's Guide for Pro Se Litigants and the Clerk's

Office provide useful information, that information does not supersede Orders of this Court or the

Federal and Local Rules of Civil Procedure.

The Court overrules Plaintiff's Objection to the undersigned's Second Motion to Amend.

**Motions to Dismiss**

The CYFD Defendants and the County Defendants each filed a Motion to Dismiss. *See*

Defendants' Motion to Dismiss, Doc. 30, filed December 14, 2022; County Defendants' Motion

to Dismiss, Doc. 31, filed January 4, 2023. Both Motions seek dismissal of this case because

Plaintiff failed to comply with Judge Fashing's Order and the undersigned's Order to file an

amended complaint. Plaintiff did not file responses opposing the Motions and has not moved for

an extension of time to file responses. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served

and filed within fourteen (14) calendar days after service of the motion.").

Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court

order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal

order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the

merits." Fed. R. Civ. P. 41(b).

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (stating "dismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits'") (quoting *Ehrenhaus*, 965 F.2d at 921).

The Court finds that there is no prejudice to the CYFD and County Defendants resulting from dismissal of this case because they moved for dismissal. Plaintiff's failure to file a second amended complaint interferes greatly with the judicial process. This case cannot proceed until Plaintiff files a second amended complaint because the Court has determined that proceeding with Plaintiff's Amended Complaint, which contains 547 paragraphs and 29 exhibits which include immaterial matter, would not comply with the Court's obligation to ensure the just, speedy and inexpensive determination of this action. The Court finds Plaintiff is culpable and that other sanctions short of dismissal would likely not be effective, because despite the undersigned notifying Plaintiff that failure to timely file a second amended complaint may result in dismissal of this case, Plaintiff did not file a second amended complaint. The Court finds that dismissal without prejudice is an appropriate sanction because: (i) dismissal with prejudice is a "severe sanction, a measure of last resort;" (ii) the judicial system has a "strong predisposition to resolve cases on their merits;" and (iii) this case is in an early stage with no answers having been filed.

The Court grants the Motions and dismisses this case without prejudice because of Plaintiff's willful failure to comply with the undersigned's Order to file a second amended complaint not exceeding 35 pages.

**IT IS ORDERED** that:

(i)     Plaintiff's Objection to Memorandum Opinion and Order to File an Amended 35 Page Complaint, Doc. 29, filed December 9, 2022, is **OVERRULED.**

(ii)    CYFD Defendants' Motion to Dismiss, Doc. 30, filed December 14, 2022, is **GRANTED.**

(iii)   County Defendants' Motion to Dismiss, Doc. 31, filed January 4, 2023, is **GRANTED.**

(iv)    This case is **DISMISSED without prejudice.**

_____

**UNITED STATES DISTRICT JUDGE**